| | |
|---|---|
| District Court, Larimer County, State of Colorado<br>201 LaPorte Avenue, Suite 100<br>Fort Collins, CO 80521-2761<br>(970) 498-6100 | **EFILED Document**<br>**CO Larimer County District Court 8th JD**<br>**Filing Date: Nov  2 2011  3:18PM MDT**<br>**Filing ID: 40691876**<br>**Review Clerk: Stephen Craig Adams** |
| **BANK OF CHOICE,**<br><br>Plaintiff,<br><br>v.<br><br>**CLYDESDALE INVESTMENTS, LLC, a Colorado limited liability company; PLM, LLC, a Kansas limited liability company; ROCCI TRUMPER, an individual; ALLAN BRAUN, an individual; ERIK G. FISCHER, an individual; and GARY WESTLIND, an individual,**<br><br>Defendant. | ▲ **COURT USE ONLY** ▲<br><br>Case Number:  11CV1803<br><br>Courtroom:  5A |
| **ORDER REGARDING PLAINTIFF'S MOTION TO PERMIT SUBSTITUTION OF PARTY PLAINTIFF AND TO ADOPT AMENDED CAPTION AND DEFENDANTS' MOTION TO DISMISS** | |

This matter comes before the Court on the Motion to Permit Substitution of Party Plaintiff and To Adopt Amended Caption ("Motion to Substitute") filed by Bank Midwest, N.A. ("Bank Midwest"), and the Motion to Dismiss filed by Defendants Clydesdale Investments, LLC, Rocci Trumper, Allan Braun, Erik G. Fischer and Gary Westlind (collectively "Defendants").  The court has reviewed the motions, the responses and replies to them, along with all attachments to those documents and the complete file, and is fully advised in the premises.

EXHIBIT FF

For the purposes of these motions only, the Court finds as follows:

The subject of this action is a loan, Loan No. 9050140, as evidenced and secured by a promissory note ("Note") allegedly executed by Clydesdale Investments, LLC, and guaranty agreements allegedly executed by the other defendants in favor of Bank of Choice. In its complaint Bank of Choice alleged that the defendants had defaulted on these agreements. Approximately one month after filing the complaint, Bank of Choice was closed by the Colorado State Banking Board, which then appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. FDIC sold and transferred certain assets and liabilities of Bank of Choice to Bank Midwest, including the Note and guaranty agreements for Loan 9050140. The assignment of these assets provided in part:

> **For value received,** Assignor hereby grants, sells, assigns, transfers, and conveys unto Assignee, its successors and assigns, all of Assignor's right, title and interest, both legal and equitable, in, to, and under (i) the Note, together with all amounts due and to become due thereon, including interest, (ii) the Security Instruments and all rights and remedies derived therefrom, and (iii) the Other Documents including all rights and benefits from same.

The term "Security Instruments" is defined in the assignment to include the guaranty agreements at issue in this case. The term "Other Documents" is defined to include "any and all other loan documents and rights of any kind or nature whatsoever associated with the above described Note." The assignment also provides that the Assignor "authorizes and empowers Assignee … to exercise all rights, powers and privileges conferred upon Assignor by the Note, Security Instruments and the Other Documents … in as full and ample a manner as Assignor is authorized and empowered to exercise the same."

Based on these facts, Bank Midwest seeks to substitute itself for Bank of Choice as the plaintiff in this action pursuant to C.R.C.P. 17(a). As an initial matter, the Defendants argue that

Bank Midwest has failed to establish that the assignment of the promissory note and guaranty agreements complied with state statute and regulations, primarily because the documents attached to the Motion to Substitute "have not been authenticated pursuant to C.R.E. 902(4) and are not accompanied by any affidavit which would establish their authenticity and admissibility." The Court rejects this argument. The Motion to Substitute is in the nature of a pleading, such as a complaint, and in the Court's view, there is thus no requirement that the attachments meet evidentiary requirements, as they must at trial or in support of a motion for summary judgment. There will be ample opportunity for Defendants to challenge the authenticity or admissibility of these documents at later stages in this litigation.

More substantively, the Defendants oppose this motion and seek to dismiss the action on the grounds that Bank Midwest has not been assigned the authority to proceed in the pending action. They argue first that that "there has been no evidence presented to this Court that the "'**lawsuit'** that is represented by this case was ever assigned to the F.D.I.C. or to Bank Midwest." They then argue that "[w]ithout an appropriate assignment of the asset, i.e., the litigation, the present matter must be dismissed and the movant must be required to bring new litigation in its name as the assignee" of the promissory note and guaranty agreements.

The Court rejects both parts of this argument. First, the Court finds and determines that the broad assignment described above includes an assignment of this action. The Note and the guaranty agreements conferred upon Bank of Choice the right to bring an action against the Defendants, which it exercised. The FDIC, as receiver succeeded to this right, under 12 U.S.C. § 1821(d)(2), and the FDIC then assigned this right to Bank Midwest along with all other rights and remedies associated with Loan 9050140. The Defendants' position is therefore incorrect.

Second, even if there had been no assignment of the "lawsuit," Bank Midwest would still be entitled to substitute for Bank of Choice simply as a transferee of the Note and the guaranty agreements. The facts as stated above establish that Bank Midwest is the real party in interest. *Platte Valley Sav. v. Crall*, 821 P.2d 305, 307 (Colo. App. 1991) ("In a promissory note action, the real party in interest is the person or entity who holds legal title in the note."). As the real party in interest, Bank Midwest has the right to pursue an action on the promissory note and the related guaranty agreements. *In re Marriage of Cespedes*, 895 P.2d 1172, 1174 (Colo. App. 1995).

In cases such as this one, where an interest is transferred during the pendency of the action rather than prior to the action, the controlling rule—unmentioned by the parties in their briefs—is not C.R.C.P. 17, but C.R.C.P. 25(c). That rule provides, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action." *See* 7C *Wright et al.,* Fed. Prac. & Proc. § 1958 (3d ed.) (discussing identical federal rule); *see also Liberty Mut. Fire Ins. Co. v. Human Resources Cos., Inc.*, 94 P.3d 1257, 1259 (Colo. App. 2004) (looking to federal authority regarding identical rule for guidance in interpreting C.R.C.P. 25(c)). In general, "[c]ourts have applied the rule broadly to include transfer of various types of property interests." *Liberty Mut.*, 94 P.3d at 1259. Thus, substitution under the rule does not require specific assignment of the "lawsuit," but can occur as a result of a variety of transfers of interest, such as when one corporation merges into another, *id.,* or, in a case similar to this one, when the FDIC acting as the receiver for a failed bank succeeds to promissory notes and guaranty agreements during the pendency of litigation. *FDIC v. Wrapwell Corp.*, 922 F.Supp. 913, 917 (S.D.N.Y. 1996); *see also PP Inc. v. McGuire*, 509 F.Supp. 1079, 1083 (D.C.N.J. 1981) (holding

under F.R.C.P. 25(c) that transferee of interest in promissory note could be properly substituted as plaintiff where negotiation of note extinguished original plaintiff's interest in the action).

Thus, the Defendants' position that substitution of Bank Midwest as plaintiff must be based on a specific assignment of an interest in the litigation is contrary to the applicable authority. Indeed, Defendants cite to no authority supporting their position. Nor have they provided any reason for denying the Motion to Substitute. Dismissing this lawsuit and requiring Bank Midwest to file another would only lead to further delay and expense, to no legitimate purpose, contrary to the mandate of C.R.C.P. 1(a) that the Rules of Civil Procedure "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." Therefore, in light of the express rule permitting substitution in cases such as this and the lack of any authority to the contrary, the Court finds and determines that it may properly allow Bank Midwest to substitute for Bank of Choice as plaintiff in this action.

Accordingly, the Motion to Substitute is GRANTED and the Motion to Dismiss is DENIED. The Defendants are ordered to file responsive pleadings within ten days of this order, pursuant to C.R.C.P. 12(a).

Dated this 2nd day of November, 2011.

BY THE COURT:

_____

Devin R. Odell
District Court Judge